IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HANI SALAH MOHAMED, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | No. 3:25-CV-917-B-BW | |
| § | | |
| MARC D. DILLARD, in official capacity § | | |
| as Chargé d' Affaires, U.S. Embassy in § | | |
| Kenya, et al., § | | |
| Defendants. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Defendants' motion to dismiss Plaintiff Hani Salah Mohamed's Petition for Writ of Mandamus. (Dkt. No. 11 ("Mot.")). Plaintiff seeks to compel Defendants to adjudicate a pending I-130 visa application for her daughter. (*See* Dkt. No. 1 ("Pet.").) Senior United States District Judge Jane J. Boyle referred this case to the undersigned magistrate judge for pretrial management under 28 U.S.C. § 636(b). (Dkt. No. 7.)

For the reasons that follow, the undersigned recommends that Defendants' motion to dismiss be **GRANTED**, and Plaintiff's Petition for a Writ of Habeas Corpus be **DISMISSED**.

**I. BACKGROUND**

Plaintiff is a citizen of the United States, but her daughter, Amal Mohamed Yusuf ("Amal"), is a non-citizen. (*See* Pet. ¶¶ 2, 10.) In July 2018, Plaintiff filed a Form I-130, "Petition for Alien Relative," with U.S. Citizenship and Immigration

-1-

Services ("USCIS") that sought to have Amal classified as Plaintiff's child.[1] (*See id*. ¶¶ 2, 16.) The following year, USCIS approved the Form I-130, and subsequently forwarded the approved petition to the U.S. Department of State. (*See id*. ¶¶ 3–4, 17.)

On November 9, 2023, a consular officer at the U.S. Embassy in Kenya conducted an interview of Amal, at which time Amal swore to, thereby executing, her visa application.[2] (*See id*. ¶ 19; *see also* Dkt. 1-2, at 2.) Pursuant to § 221(g) of the INA, 8 U.S.C. § 1201(g), the consular officer refused Amal's application.[3] (*See* Pet.

---

[1] A non-citizen who is the beneficiary of an approved Form I-130 petition may apply for a visa in accordance with a process set out in the INA. *See* 8 U.S.C. §§ 1151(b), 1153(a). In this process, the citizen-relative first files a Form I-130 petition on behalf of the non-citizen, seeking to have the non-citizen classified as an immediate relative. *See* 8 U.S.C. §§ 1153(f), 1154(a)(1); *see also Kerry v. Din*, 576 U.S. 86, 89 (2015). If USCIS approves the Form I-130, the petition is sent to the Department of State's National Visa Center ("NVC"). The NVC then assigns a case number and sends the petition to the U.S. embassy or consulate where the foreign-national relative lives. The non-citizen may begin to apply for a visa by submitting required documents and appearing at a United States embassy or consulate for an interview with a consular officer (i.e., a representative of the U.S. Department of State). *See* 8 U.S.C. §§ 1201(a)(1), 1202.

[2] At a visa interview, a visa applicant executes a visa application in the presence of a consular officer. *See* 8 U.S.C. §§ 1201(a)(1), 1202; *see also* 22 C.F.R. § 40.1(l)(2) (defining "make or file an application for a visa"). The burden of proof is on the applicant to "establish that [s]he is eligible to receive such visa." 8 U.S.C. § 1361.

[3] Before issuing a visa, a consular officer must ensure that an applicant is not inadmissible under any provision of the INA. *See* 8 U.S.C. § 1361; see also *Din*, 576 U.S. at, 89. At the conclusion of the applicant's interview, the consular officer must either issue or refuse the visa under 8 U.S.C. § 1201(g), 8 U.S.C. § 1182(a), or other applicable law. *See* 22 C.F.R. § 42.81(a) ("When a visa application has been properly completed and executed before a consular officer . . . the consular officer must issue the visa, refuse the visa . . . or . . . discontinue granting the visa."). With certain exceptions not relevant here, 8 U.S.C. § 1201(g) provides that no visa may issue if an applicant is ineligible under 8 U.S.C. § 1182, the visa application does not comply with applicable statutes or regulations, or the consular officer "knows or has reason to believe" that the applicant is ineligible for a visa "under . . . any other provision of law."

¶ 20.) Although the consular officer determined that the applicant was not eligible for the visa sought, the officer initiated post-refusal, discretionary administrative processing to ascertain whether the refusal might be overcome. (*See id.*; *see also* Dkt. No. 1-2, at 2.) Amal's visa application remains refused under INA § 221(g), 8 U.S.C. §1201(g).[4]

On April 14, 2025, Plaintiff initiated this mandamus action, asserting three causes of action. (*See generally* Pet.) Plaintiff first alleges that the Administrative Procedure Act ("APA") requires Defendants to adjudicate Amal's application and that "Defendants have failed to adjudicate Plaintiffs daughter's visa application within a reasonable time." (Pet. ¶¶ 24–28 (citing 5 U.S.C. § 706(1) ("The reviewing court shall compel agency action unlawfully withheld or unreasonably delayed.")).) Plaintiff next alleges that Defendants have violated the Mandamus Act by "fail[ing] to adjudicate Plaintiffs daughter's visa application within a reasonable time." (*Id.* ¶¶ 29–35.) Finally, Plaintiff alleges that Defendants have violated Plaintiff's due-process rights under the Fifth Amendment because "Defendants' delay in adjudicating Amal's visa application constitutes a deprivation of Plaintiff's protected interest without due process." (*Id.* ¶¶ 36–40.) Plaintiff requests the Court to compel

---

[4] *See* U.S. Department of State Consular Electronic Application Center Visa Status Check, Case number NRB2019820001, https://ceac.state.gov/CEACStatTracker/Status.aspx?TSPD_101_R0=0883343043ab200004ea852c384d8c40452b54aeca9996c16a58946385c27e83e1e4d5a7ebb64a1508ad1f18241430006deeab036d4fa8b6117f55cacc688fe5e492a542235a024aa9bcbc3bf1678c207576f6a145c5a3062862c5dbfc77919e, indicating case status as "A U.S. consular officer has adjudicated and refused your visa application." (last visited Dec. 30, 2025).

Defendants to re-adjudicate Amal's visa application within fifteen (15) calendar days, award attorney's fees and costs pursuant to the Equal Access to Justice Act, and grant any other appropriate relief. (*Id.* ¶ 41.)

On June 13, 2025, Defendants filed the present motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), or alternatively, Rule 12(b)(6). (*See generally* Mot.) Plaintiff filed a response on July 3, 2025 (Dkt. No. 13 ("Resp.")), and Defendants filed a reply on July 17, 2025 (Dkt. No. 14 ("Reply")). Accordingly, the motion (Dkt. No. 11) is ripe for consideration.

Defendants argue that this action is moot because Amal's visa application has already been adjudicated, and accordingly, Plaintiff's petition should be dismissed for lack of subject matter jurisdiction. (*See* Mot. at 4-9.) Defendants further argue that even if the case were not moot, the doctrine of consular non-reviewability bars this Court's review of the decision to refuse Amal's application. (*See id.* at 10-11.) Defendants further argue that Plaintiff fails to state a claim because Defendants have no duty to re-adjudicate the refused visa application. (*See id.* at 12-17.) And even assuming a duty to re-adjudicate, Defendants argue that Plaintiff fails to state sufficient facts to support a claim of unreasonable delay. (*See id.* at 17-22.) Finally, Defendants argue that Plaintiff has failed to state a viable due process claim. (*See id.* at 23-24.)

In response, Plaintiff maintains that the case is not moot; that the consular non-reviewability doctrine does not apply because no final decision has been made

regarding Amal's application; and that Plaintiff has stated sufficient facts to support a claim of unreasonable delay under the APA, as well as a viable due process claim. (*See* Resp. at 11–30.)

## II. LEGAL STANDARDS

### A. Rule 12(b)(1)

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *La. Real Est. Appraisers Bd. v. Fed. Trade Comm'n*, 917 F.3d 389, 391 (5th Cir. 2019) (quoting *Texas v. Travis Cnty.*, 910 F.3d 809, 811 (5th Cir. 2018)). Courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

A motion to dismiss under Rule 12(b)(1) is the vehicle through which a party can challenge a federal court's subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). "Courts may dismiss for lack of subject matter jurisdiction on any one of three bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). When examining a factual challenge to subject matter jurisdiction under Rule 12(b)(1), which does not implicate the merits of a plaintiff's cause of action, the district court

has substantial authority "to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1261 (11th Cir.1997); *see also Clark*, 798 F.2d at 741. If the court determines that it lacks subject-matter jurisdiction, it must dismiss the action. *See* Fed. R. Civ. P. 12(h)(3).

When a motion to dismiss for lack of subject matter jurisdiction "is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (explaining that "the court should dismiss only on the jurisdictional ground . . . without reaching the question of failure to state a claim"). This requirement prevents a court without jurisdiction from prematurely dismissing a case with prejudice. *Ramming*, 281 F.3d at 161. The court's dismissal of a plaintiff's case because the plaintiff lacks subject matter jurisdiction is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction. *Id*.

**B.     Rule 12(b)(6)**

To defeat a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008). To meet this "facial

plausibility" standard, a plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must accept well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins.*, 509 F.3d 673, 675 (5th Cir. 2007). However, the court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (citation omitted). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted). The ultimate question is whether the complaint states a valid claim when viewed in the light most favorable to the plaintiff. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). At the motion to dismiss stage, the court does not evaluate the plaintiff's likelihood of success. It only determines whether the plaintiff has stated a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977).

### III. ANALYSIS

**A.   The Court lacks jurisdiction because the case is moot.**

The Immigration and Naturalization Act ("INA") grants "consular officers exclusive authority to review applications for visas." *Saavedra Bruno v Albright*, 197 F3d 1153, 1156 (D.C. Cir. 1999) (citing 8 USC §§ 1104(a), 1201(a)).  Pertinent regulation provides, "When a visa application has been properly completed and executed before a consular officer in accordance with the provisions of the INA and the implementing regulations, the consular officer must issue the visa [or] refuse the visa under [8 USC § 1182(a) or 8 USC § 1201(g)] or other applicable law." 22 CFR § 42.81(a).

Plaintiff claims that Defendants have unreasonably delayed adjudicating Amal's visa application.  (*See* Pet. ¶¶ 29-40.)   Defendants argue that this action is moot because the consular office adjudicated Amal's visa application by refusing it under INA § 221(g), which is a final adjudication unless and until it is superseded by another decision, which may or may not occur.  (*See* Resp. at 7-8.)  There is no dispute that Amal was interviewed at the U.S. Embassy in Kenya on November 9, 2023, and her application was adjudicated that same day.  (*See id*.; *see also* Pet. ¶¶ 18-20.)  Defendants maintain that because they have provided Plaintiff the relief she requested, Plaintiff's claims are now moot.  (*See* Resp. at 12-13 (citing *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988) (Under Article III of the U.S. Constitution,

federal courts may adjudicate only "actual, ongoing controversies between litigants.")).)

Citing a wide range of cases, Defendants contend that the denial in this case is final until it has been overturned and there is no mandatory requirement to re-adjudicate a refused visa application or conduct any further administrative processing.  (*See id*. (citing *Yaghoubnezhad v. Stufft*, 734 F. Supp. 3d 87, 103 (D.D.C. 2024); *Conley v. U.S. Dep't of State*, 731 F. Supp. 3d 104, 111 (D. Mass. 2024); *Ahromi v. Blinken*, No. CV-23-2054-PHX-DMF, 2024 WL 3396071, at *7 (D. Ariz. July 12, 2024); *Chang v. U.S. Dep't of State*, No. C23-01918-RSM, 2024 WL 3161895, at *2 (W.D. Wash. June 25, 2024).  And so, while Plaintiff nominally seeks in her complaint an order to compel adjudication, given that a decision was actually made and has not been overturned, what Plaintiff really seeks is an expedited re-adjudication.  (*See generally* Pet.)

In light of the multitude of cases cited by Defendants that express this same understanding towards the same conclusion regarding the final effect of a refused visa application and the lack of any credible case law, statutory, or regulatory authority to the contrary, Plaintiff's argument that refusal of Amal's application does not operate as a denial, but rather, her application was "preliminarily refused" and "placed into administrative processing status, a temporary measure" (*see id*. at 11) is unpersuasive.  Because Defendants have already provided Plaintiff the relief she requests—Amal was interviewed at the Embassy in Kenya and a consular officer

adjudicated her application—and because there is no other relief the Court can grant, the complaint is moot. *See Hussein v. Beecroft*, 782 F. App'x 437, 440, 442–43 (6th Cir. 2019) (affirming dismissal of a mandamus action as moot where a consular officer, citing 8 U.S.C. § 1201(g), refused a visa application); *Tariq v. Blinken*, No. 3:21-CV-02841-M, 2023 WL 2661543, at *1 (N.D. Tex. Jan. 31, 2023) (dismissing a mandamus case as moot where a consular officer refused the plaintiff's daughter's visa application pursuant to 8 U.S.C. § 1201(g)); *Guilarducci v. Blinken*, No. 3:21-CV-1719-K, 2021 WL 5140874, at *1–2 (N.D. Tex. Nov. 4, 2021) (dismissing a mandamus case as moot where a consular officer refused the plaintiff's fiancée's visa application pursuant to 8 U.S.C. § 1201(g)); *Toor v. Clinton*, No. 1:09-cv-F-279-OWW-GSA, 2009 WL 1582900, at *6 (E.D. Cal. June 4, 2009) (refusing a visa application pursuant to 8 U.S.C. § 1201(g), holding that "no writ of mandamus should issue" because "[t]his refusal satisfied the duty owed to [the applicant] under 22 C.F.R. § 42.81(a)—namely, to 'issue or refuse the visa under INA 212(a) or INA 221(g) or other applicable law'").

Here, the record establishes that a decision was made with respect to the action that was required. Mandamus simply is not available to compel action that hsd already been taken. *See, e.g.*, *US ex rel Norwegian Nitrogen Products Co v US Tariff Commission*, 274 US 106, 112 (1927) (finding "there can be no effectual relief by mandamus" as to "a hearing upon an investigation which we may not command and which may never be made"); *cf. Ex parte Roe*, 234 US 70, 73 (1914) (holding that

mandamus "does not lie to compel a reversal of a decision, either interlocutory or final, made in the exercise of a lawful jurisdiction, especially where in regular course the decision may be reviewed upon a writ of error or an appeal"); *Huckeby v Frozen Food Express*, 555 F2d 542, 549 (5th Cir 1977) (holding that "extraordinary writs cannot be used as substitutes for appeals") (quoting *Ex parte Fahey*, 322 US 258, 260 (1947)).

In addition, the mere possibility that Defendants might reconsider their refusal under § 1201(g) (as Plaintiff appears to suggest) does not somehow render nonfinal the action that was taken. *Sackett v Environmental Protection Agency*, 566 US 120, 127 (2012) (holding the possibility that the agency might reconsider its decision does not "make an otherwise final agency action nonfinal"); *see also Data Marketing Partnership, LP v US Department of Labor*, 45 F4th 846, 854 (5th Cir 2022) (finding that agency decisions are final even if they can be revisited) (citing *Sackett and US Army Corps of Engineers v Hawkes Co.*, 578 US 590, 598 (2016). Such being the case here, Plaintiff's claims for mandamus and unreasonable delay under the APA cannot proceed. *See Bamdad v United States Department of State*, No. 1:23-CV-757-DAE, 2024 WL 1462948, at *3 (W.D. Tex. Feb. 9, 2024) (collecting cases and dismissing mandamus action as moot where consular officer had already taken action refusing plaintiff's visa application under 8 USC § 1201(g)). Accordingly, Plaintiff's complaint is moot, and the complaint should be dismissed for lack of subject matter jurisdiction.

Plaintiff's due process claim fails for similar reasons. Plaintiff claims that "Defendants' delay in adjudicating [Amal's] visa application constitutes a deprivation of Plaintiff's protected interest without due process." (Pet. ¶¶ 36–40.) As previously explained, however, because Defendants have adjudicated Amal's visa application, Plaintiff's due process claim is moot. Nor does Defendants' denial of Amal's application establish a due process violation. *See, e.g.*, *Adebayo v. Dep't of State*, No. 24-CV-2523 (LDH), 2025 WL 964096, at *5 (E.D.N.Y. Mar. 31, 2025) (dismissing Fifth Amendment due process claim where plaintiff alleged a delay in adjudication of children's visa petitions because "individuals do not have a due process right in the adjudication of a relative's visa application") (citing *Dep't of State v. Muñoz*, 602 U.S. 899, 909 (2024)); *Hassan v. Bitter*, 748 F. Supp. 3d 722, 757 (D. Neb. 2024) (dismissing plaintiff's claim that a purportedly unreasonable delay in processing his children's visa applications violates his due process) (citing *Muñoz*, 602 U.S. at 909-10); *see also Din*, 576 U.S. at 101 (finding no due-process violation where a United States citizen's non-citizen relative was denied admission to the United States).

### B.     Consular non-reviewability also makes this action non-justiciable.

Even if this case were not moot, the doctrine of consular non-reviewability renders this action equally non-justiciable. Recently, the Supreme Court reaffirmed the doctrine of consular non-reviewability:

> Congress may delegate to executive officials the discretionary authority to admit noncitizens immune from judicial inquiry or interference. . . .

> When it does so, the action of an executive officer to admit or to exclude an alien is final and conclusive. . . . The Judicial Branch has no role to play unless expressly authorized by law. . . . The Immigration and Nationality Act (INA) does not authorize judicial review of a consular officer's denial of a visa; thus, as a rule, the federal courts cannot review those decisions. This principle is known as the doctrine of consular nonreviewability.

*Muñoz*, 602 U.S. at 907–08 (citations and quotations omitted). And there is no law that provides such express authorization that would allow the Court to review the visa refusal in this case. *See id*. Here, Plaintiff has not met her burden of establishing visa eligibility as required by 8 U.S.C. § 1361 (INA § 291) and a consular officer has refused Amal's visa application under INA § 221(g). Accordingly, Plaintiff's claims are barred from judicial review.

In addition, Fifth Circuit decisions firmly align with this doctrine. The denial of visas is not subject to review by federal courts. *Centeno v. Shultz*, 817 F.2d 1212, 1213 (5th Cir. 1987) ("[D]ecisions of United States consuls on visa matters are nonreviewable by the courts."). While some courts have found that the APA does permit review of claims related to the application process other than the officer's adjudication, a consular decision to deny a visa—as opposed to the government's failure to act on the visa application at all—is the sort of decision for which review is "clearly barred" by the doctrine of consular non-reviewability. *Jaime v. Blinken*, No. EP-22-CV-248-KC, 2023 WL 2657651, at *2 (W.D. Tex. Mar. 24, 2023), *appeal dismissed*, No. 23-50270, 2023 WL 7141121 (5th Cir. Sept. 6, 2023) (internal citations and quotations omitted); *see also Te Kuei Liu v. INS*, 645 F.2d 279, 285 (5th Cir. Unit

A May 1981) ("Nor is it within the ambit of our review to consider the actions of the American Consul in Winnipeg, Manitoba, Canada."); *Gonzalez-Cuevas v. INS*, 515 F.2d 1222, 1224 (5th Cir. 1975) ("We are asked to consider the actions of the United States Consul in Monterrey, Mexico in assigning a priority date for the issuance of visas to petitioners based upon the date of petitioners' application rather than the date of the citizen children's birth. This action is not within the ambit of our review."); *Dargahifadaei v. Kerry*, No. 3-12-CV-01942-K, 2013 WL 1627887, at *3–4 (N.D. Tex. Apr. 15, 2013) ("The APA cannot circumvent the non-reviewability of consular decisions on visa applications."). Accordingly, the doctrine of consular non-reviewability bars review of the visa refusal decision here.

Plaintiff insists that the consular non-reviewability doctrine does not apply because no final decision has been made, and judicial review is permitted. (*See* Reply at 17-19.) For the reasons already discussed, this argument fails. A consular officer refused Amal's application. Furthermore, the cases Plaintiff cites to support her argument are either not binding on this court or not applicable. (*See id.*) For example, in *Maramjaya v. U.S. Citizenship & Immigration Services*, No. 06-2158 RCL, 2008 WL 9398947 (D.D.C. Mar. 26, 2008), the plaintiff challenged USCIS's decision on an immigration petition, not a denial of a visa application. *See id.* at *4. In *Jaraba v. Blinken*, 568 F. Supp. 3d 720 (W.D. Tex. 2021), the plaintiff challenged the delay in scheduling a visa interview. *See id.* at 726. In *Ali v. Rice*, No. CV H-07-1868, 2008 WL 11502058 (S.D. Tex. July 31, 2008), the plaintiff challenged the State

Department's inaction on a Form I-824 application. *See id*. at *1. Thus, these cases have no bearing on the doctrine of consular non-reviewability which bars judicial review of Amal's visa denial decision.

Because the undersigned concludes that the Court lacks jurisdiction, it is not necessary to determine Defendants' alternative arguments that Plaintiff fails to state a claim for her remaining causes of action.

## IV.  RECOMMENDATION

For the foregoing reasons, the Defendants' Motion to Dismiss filed on June 13, 2025 (Dkt. No. 11), should be **GRANTED**, and this mandamus action should be **DISMISSED** without prejudice for lack of subject matter jurisdiction.

**SO RECOMMENDED** on December 31, 2025.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).